IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **CINDY HUBERT and TYSON HUBERT,** | )<br>)<br>) |
| **Plaintiffs,** | )<br>) |
| v. | ) Case No. CIV-19-403-RAW<br>) |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | )<br>)<br>) |
| **Defendant.** | ) |

## **ORDER**

Before the Court is the motion of the defendant for partial summary judgment. Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) F.R.Cv.P. An issue is genuine if there is sufficient evidence on each side so that a rational trier of fact could resolve the issue either way. An issue of fact is material if under the substantive law it is essential to the proper disposition of the claim. *J.V. v. Albuquerque Public Schs.,* 813 F.3d 1289, 1296 (10th Cir.2016). When applying this standard, the court views the evidence and draws reasonable inferences therefrom in the light most favorable to the nonmoving party. *Wright v. Experian Info. Sols., Inc.,* 805 F.3d 1232, 1239 (10th Cir.2015).

Plaintiffs bring claims for breach of insurance contract and for bad faith. Plaintiffs purchased a homeowners insurance policy from defendant on April 8, 2019. The policy went into effect on April 11, 2019. Plaintiffs' house in Madill, Oklahoma was damaged by fire on April 23, 2019, a fire which defendant contends was intentionally set. On April 25, 2019,

plaintiffs filed a claim with defendant. Defendant had "bound" the policy but it had not yet issued. Defendant provided plaintiffs an advance and paid for their temporary housing, but also sent plaintiffs a reservation of rights letter raising questions concerning coverage.

Defendant subsequently rescinded the policy of insurance, stating that its investigation revealed that plaintiffs had intentionally misrepresented material information when they applied for the policy. As to bad faith, defendant contends it conducted an appropriate investigation and had a legitimate basis for resisting payment. The present motion is directed at plaintiff's bad faith claim and plaintiffs' punitive damages claim.

The tort of bad faith arises from the insurer's implied duty to deal fairly and act in good faith with its insured. *Southern Hospitality, Inc. v. Zurich Am. Ins. Co.,* 393 F.3d 1137, 1142 (10th Cir.2004). The duty is not breached, however, if the insurer refuses to pay a claim or litigates a dispute with its insured if there is a legitimate dispute as to coverage or the amount of the claim, and the insurer's position is reasonable and legitimate. *Id.* The elements plaintiff must prove are: (1) claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury. *Toppins v. Minnesota Life Ins. Co.,* 460 Fed. Appx. 768, 771 (10th Cir.2012).

A legitimate dispute as to coverage will not act as an impenetrable shield against a valid claim of bad faith. *Timberlake Constr. Co. v. U.S. Fid. & Guar. Co.,* 71 F.3d 335, 343 (10th Cir.1995). Even where a legitimate dispute exists, a jury must still determine the existence of bad

faith when the insured produces additional evidence of bad faith. *Bannister v. State Farm Mut. Auto. Ins. Co.,* 692 F.3d 1117, 1128 (10th Cir.2012). This additional evidence may take several forms, including evidence that the insured did not actually rely on the legitimate dispute to deny coverage, denied the claim for an illegitimate reason, otherwise failed to treat the insured fairly, or performed an inadequate investigation of the claim. *United States Liability Ins. Co. v. Paul,* 506 F.Supp.3d 1154, 1167 (N.D.Okla.2020). Thus, "[a]n insurer is entitled to summary judgment on a bad faith claim if it acts in accordance with a legitimate dispute concerning coverage, and the insured fails to produce additional evidence of bad faith to support sending the issue to the jury." *Hayes Family Trust v. State Farm Fire and Casualty Co.,* 688 Fed.Appx. 551, 553 (10th Cir.2017)(citing *Bannister v. State Farm Mut. Auto. Ins. Co.,* 692 F.3d 1117, 1127-28 (10th Cir.2012)).

In determining whether to pay a claim, the insurer must conduct an investigation "reasonably appropriate under the circumstances." *Willis v. Midland Risk Ins. Co.,* 42 F.3d 607, 612 (10th Cir.1994). To succeed on a bad faith claim based on the theory of inadequate investigation, "the insured must make a showing that material facts were overlooked or that a more thorough investigation would have produced relevant information." *Sellman v. AMEX Assur. Co.,* 274 Fed.Appx. 655, 658 (10th Cir.2008). Nevertheless, "nothing in the law requires an insurer to investigate a claim exhaustively or to a faultless degree of accuracy. Rather, the investigation only needs to be 'reasonable under the circumstances.'" *Harris v. Progressive Direct Ins. Co.,* 2016 WL 9022439, *3 (W.D.Okla.2016)(citation omitted), *aff'd,* 740 Fed.Appx.900 (10th Cir.2018).

The parties' briefing is quite fact-intensive, but plaintiffs' theory is essentially as follows. When the application was made with State Farm Agent Chad Lee, a loss history report (LHR) was run on Cindy Hubert. A previous insurance claim by Cindy Hubert appeared on the LHR from just

six months earlier. Cindy Hubert asserts that she and Lee discussed her previous claim. When the claim appeared during the underwriting process, underwriting contacted Lee and asked him about the previous claim. Lee responded by describing the previous loss, and did not indicate he was unaware of it or that plaintiffs had misrepresented the loss. Defendant then assigned Jo Ann Mangli to investigate the claim. Mangli interviewed Lee, who stated that he checked Cindy Hubert via social security number and found nothing. Lee told Mangli that the previous claim did in fact appear, but there was no name match with Cindy Hubert.

Mangli completed a rescission recommendation form, wherein she answered "no" as to the previous claim appearing on the LHR. Plaintiffs state: "Mangli fabricated this form, knowing that had she answered yes, the policy could not be rescinded. This was bad faith." (#68 at page 6 of 33 in CM/ECF pagination). Vewing the record in the light most favorable to plaintiffs, the court finds they have arguably presented "additional evidence of bad faith to support sending the issue to the jury." Breach of the duty of good faith and fair dealing requires a level of culpability on the insurer's part to be more than simple negligence. *Hensley v. State Fire and Casualty Co.,* 398 P.3d 11, 17 (Okla.2017). In the court's view, plaintiffs have adequately presented such evidence for purposes of surviving a motion for summary judgment. Of course, defendant has presented countervailing evidence which the jury may find persuasive.

The availability of a punitive damage award in a bad faith case is not automatic, but rather is governed by the standard applicable in other tort cases. The plaintiff must show that the defendant acted with oppression, malice, fraud or gross negligence or wantonness. *Cole v. Shelter Mut. Ins. Co.,* 2014 WL 5018591, *4 (W.D.Okla.2014). Punitive damages in bad faith cases require a finding that the conduct of the insurance company was in reckless disregard for the interests of the plaintiff,

or was based on a dishonest judgment, or was otherwise malicious, willful, or wanton. *Sloan v. State Farm Mut. Auto. Ins. Co.*, 360 F.3d 1220, 1224 (10th Cir.2004). Again, based on the present record, the motion will be denied in this respect as well. Of course, the issues may be revisited upon conclusion of the plaintiffs' case in chief.

It is the order of the court that the motion of the defendant for partial summary judgment (#46) is hereby denied.

**ORDERED THIS 30th DAY OF AUGUST, 2021.**

_____
**RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**