## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CINDY HUBERT, an individual, | ) | |
| TYSON HUBERT, an individual, | ) | |
| | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | **Case No. CIV-19-403-RAW** |
| | ) | |
| STATE FARM FIRE AND CASUALTY | ) | |
| COMPANY, INC., | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

### ORDER

Before the court is the motion of the plaintiffs in limine.  This is an action for breach of contract and bad faith by an insurer.  On April 8, 2019, plaintiffs applied for a State Farm homeowners' policy to cover their Madill, Oklahoma residence.  The policy went into effect on April 11, 2019.  On or about April 22, 2019, fire damaged the residence.  On April 25, 2019, plaintiffs filed a claim under the policy.  Defendant had "bound" the policy but it had not yet issued.  Defendant provided plaintiffs an advance and paid for their temporary housing.

By letter dated June 24, 2019, defendant sent plaintiffs a reservation-of-rights letter, which stated in part: "Our preliminary investigation leads us to conclude the fire was intentionally set." (#34-9 at 1).  A second letter, dated July 26, 2019, stated that "State Farm is in the process of investigating your insurance claim."  (#34-9 at 3).  Further, "A question

exists as to whether there has been a material misrepresentation regarding your application for insurance." *Id.* Also, the second letter repeated that "Our preliminary investigation leads us to conclude the fire was intentionally set." *Id.* The second letter also recited questions about "insurable interest by the insured in the damaged property"; "a question as to whether or not you have intentionally concealed a material fact or circumstance, made false statements or committed fraud relating to this insurance"; and "whether the property damage was caused by a defined event under Sections A and B." *Id.*

By letter dated November 4, 2019, defendant advised plaintiffs (via their attorney) that "In your application for Homeowners Policy Insurance dated April 11, 2019, you indicated you had no losses. We have determined this is a material misrepresentation." (#64-1).[1] "When we issued this insurance policy to you, we relied on your statements made in the application. If we had known the facts we now know, we would have rejected your application and would have declined to issue a policy. *Because of the material misrepresentation,* we are rescinding your policy and exercising our contractual right to void the policy from its inception." *Id.* (emphasis added).

Under Oklahoma law, a claim for bad faith in the insurance context turns on "whether the insurer had a good faith belief, at the time its performance was requested, that it had a justifiable reason for withholding payment under the policy." *See Thomas v. Farmers Ins.*

---

[1] Plaintiffs initially applied with defendant through a local insurance agent, Chad Lee. Plaintiffs contend they disclosed to Mr. Lee that their home had a previous fire and an insurance claim had been made thereon. Defendant evidently denies such initial disclosure.

*Co.,* 774 Fed.Appx. 430, 432 (10th Cir.2019)(quoting *Buzzard v. Farmers Ins. Co.,* 824 P.2d 1105, 1109 (Okla.1991)).  To determine the validity of the claim, the insurer must conduct an investigation reasonably appropriate under the circumstances.  *Id.*  Accordingly, the focus of a bad faith claim is the knowledge and belief of the insurer during the time period the claim is being reviewed.  *Id.*

"In other words, *Buzzard* holds that under Oklahoma law an insurance bad faith claim is premised on the actual reason the insurance company gave when it denied the claim, not a post-denial rationalization.  Therefore, evidence that supports a post-denial rationalization, rather than the evidence that the insurance company actually relied on when initially denying a claim, is inadmissible under *Buzzard.*"  *Id.*  *See also Quiktrip Corp. v. Ace Prop. & Cas. Ins. Co.,* 2017 WL 5071316, *1 (N.D.Okla.2017)(granting a motion in limine to exclude arguments that the insurer denied the claim for any other reason besides the reason identified in the denial letter).

On this basis, plaintiffs seek to exclude (1) any evidence or reason for the rescission of plaintiffs' homeowner's policy other than material misrepresentation; (2) evidence concerning plaintiffs' criminal history; (3) information or evidence pertaining to any history of drug use by plaintiff; and (4) any reference to the fire being "incendiary" or started intentionally.  Plaintiff asserts: "Defendant had the opportunity to list any and all reasons it was rescinding the policy in its rescission letter, yet it listed only one."  (#64 at 6).

In response, defendant observes that evidence can be admissible for more than one

3

purpose. The argument is clearly stated: "As the case stands now, State Farm will not be offering the above-listed evidence as *additional reasons* for denying the claim. Rather, the evidence is relevant to and will be offered to rebut Plaintiffs' allegation of inadequate investigation and to explain the reasons why State Farm's adjuster concluded Plaintiffs *intentionally* misrepresented material facts when they applied for coverage, which *necessarily involves considering Plaintiffs' motives* for doing so. The evidence also goes to Plaintiffs' credibility, which is always relevant and admissible." (#83 at page 11 of 28 in CM/ECF pagination)(emphasis in original).[2]

This case differs from the general rule articulated above. Defendant is not necessarily offering a "post-denial rationalization," but rather material that appears in the claim file and was perhaps considered before denial. Still, as quoted previously, the denial was quite specific: "In your application for Homeowners Policy Insurance dated April 11, 2019, you indicated you had no losses. We have determined <u>this</u> is a material misrepresentation." (emphasis added). On the other hand, the Tenth Circuit has stated "[a]lthough the evaluation centers on the time of denial, the entire course of conduct between the parties is relevant to the question whether the insurer acted in good faith." *Willis v. Midland Risk Ins. Co.,* 42

---

[2]Earlier in this litigation, defendant sought to amend its answer to add the affirmative defenses of arson and false swearing (#34). The court denied the motion. Defendant stated "[a]lthough State Farm rescinded due to Plaintiffs' material misrepresentations, State Farm never retracted or waived its reservation of rights based on arson." *Id.* at 2 n.3. The court saw no authority that this is an exception to the rule announced in *Buzzard.*

F.3d 607, 613 (10th Cir.1994) citing *Timmons v. Royal Globe Ins. Co.,* 653 P.2d 907, 917 (Okla.1982).

From this premise, defendant contends "relevant evidence includes what State Farm considered during the course of its investigation."  (#83 at page 11 of 28 in CM/ECF pagination).  In this court's view, this unqualified statement is not consistent with the principle established in *Buzzard*.  Defendant may present a <u>general</u> description of the course of conduct to counter, for example, a plaintiff's contention that the investigation took too long.[3]  *Willis* and *Timmons,* however, are not an open door to present all ostensibly negative evidence against plaintiffs under the rationale that such evidence is relevant to the general course of conduct between the parties.  Evidence which is relevant (Rules 401 & 402 F.R.Evid.) may still be excluded on numerous grounds (Rule 403 F.R.Evid.).

The looming challenge of this trial is manifested in plaintiffs' statement: "It is not Ms. Mangili's [defendant's adjuster] investigations of arson, false swearing, etc. that gives rise to the bad faith claims argued by Plaintiffs; rather, it is State Farm's multi-faceted *investigation into material misrepresentation* that was made in bad faith."  (#96 at 4)(emphasis in original).  Plaintiffs have emphasized the language as noted.  The court, however, would emphasize the word "multi-faceted."  If plaintiffs intend to show that the investigation was in bad faith (in part) because of its multi-faceted nature, defendant is entitled to explain those facets.  Obviously, there are myriad ways by which plaintiffs could

---

[3]*See, e.g.,* (#2 at ¶10)("After nearly seven months of processing the Plaintiffs' claim . . . ).

"open the door" to certain evidence. In the absence of evidence at this time, the plaintiffs' motion will be generally sustained.

Meriting additional discussion, however, are the two types of evidence directly involving plaintiffs. Presumably, both plaintiffs intend to testify. By taking the stand, a witness is subject to an attack on his or her credibility – within the bounds of the Federal Rules of Evidence. Defendant evidently seeks to introduce evidence of plaintiffs' "drug use". The court would have to hear a presentation outside the hearing of the jury before admitting such evidence. A jury is sometimes instructed that testimony of someone addicted to drugs should be considered with special care. Such an instruction as to mere "drug use" is rare if given at all.

Defendant also seeks to introduce evidence of plaintiffs' criminal history. As to Ms. Hubert, this appears to consist of (1) a misdemeanor conviction for possession of methamphetamine, (2) a misdemeanor conviction for unlawful possession of drug paraphernalia, and (3) a dismissed charge for second degree burglary. (#83 at page 22 of 28). None of these matters will be admitted. Regarding Mr. Hubert, the only felony conviction listed is for second degree burglary. This falls within Rule 609(a)(1)(A) F.R.Evid. and must be admitted "subject to Rule 403." As the court views the litigation at this time, such conviction would be excluded as the probative value is substantially outweighed by unfair prejudice (and perhaps also confusing the issues and misleading the jury).

Defendant also cites Rule 608(b) F.R.Evid., (#101 at 9) which permits inquiry (within the court's discretion) into specific instances of a witness's conduct <u>if</u> they are probative of the character for truthfulness or untruthfulness of the witness.  The court is not persuaded that these matters are so probative.  Rules 608 and 609 recognize that a mere prior conviction is not necessarily pertinent to "dishonesty" in regard to a witness.  Such crimes are specifically addressed by Rule 609(a)(2).

At its essence, defendant's argument for admissibility is that "Plaintiffs' criminal and drug history was considered and relied on by Mangili in evaluating Plaintiffs' credibility." (#101 at 10).  It is not evident from the claims fail itself that Defendant relied on such evidence.  Also, the fact that a decision-maker <u>considered</u> such evidence that is inadmissible in the context of a trial does not render the material admissible.  At one time defendant <u>considered</u> arson, but did not cite it as a basis for denial, and it has been excluded as a defense.  Depending on the presentation of plaintiffs' case in chief, the issues of (1) material misrepresentation and (2) reasonableness of investigation may be narrower in this case than in some others.

It is the order of the court that the motion of the plaintiffs in limine (#64) is granted. This is a preliminary ruling and is subject to change as the case unfolds.  *See Garrett Dev., L.L.C. v. Deer Creek Water Corp.,* 2021 WL 2446736, *2 (W.D.Okla.2021).

IT IS SO ORDERED this 29th day of September, 2021

_____
RONALD A. WHITE
UNITED STATES DISTRICT JUDGE